■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOWLER, Appellant. [598 NYS2d 320] —Appeal by the defendant from a judgment of the County Court, Nassau

County (Baker, J.), rendered July 17, 1991, convicting him of criminal possession of a forged instrument in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

A pharmacist complained to the police that he had been given a forged prescription for non-narcotic drugs. The police arrived and, shortly thereafter, found the defendant, who fit the description given by the pharmacist, outside of the pharmacy. The defendant was arrested and placed in the back of the police car. After he exited the police car, the police officers found prescription drugs which had been obtained with a forged prescription in the back seat of the car. Because a reasonable person would conclude that the defendant was the individual that uttered the forged instrument *(see, People v Bittner,* 97 AD2d 33), the defendant's arrest was based upon probable cause and suppression of the evidence seized as an incident to his arrest was properly denied.

The trial court's *Sandoval* ruling, which permitted the People to cross-examine the defendant, *inter alia,* about his prior convictions for attempted criminal possession of a forged instrument, was not an improvident exercise of discretion. Although the prior convictions were virtually identical to the crime charged in the instant case, the evidence of criminal forgery was probative of the issue of the defendant's credibility because acts of individual dishonesty or untrustworthiness demonstrate his willingness to place his individual self interest ahead of the interests of society *(see, People v Sandoval,* 34 NY2d 371, 377).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.