THIRD DEPARTMENT, APRIL, 2004

(April 1, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASHEEM A. GOLDSTON, Also Known as SHEEMIE, Appellant. [776 NYS2d 102]—

Crew III, J. Appeals (1) from a judgment of the County Court of Albany County (Rosen, J.), rendered September 21, 2000, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree, and (2) from a judgment of said court (Herrick, J.), rendered April 23, 2003, which resentenced defendant.

On September 27, 1999, four local high school students were waiting for their school bus when they were approached and threatened by four male youths, who collectively took $17 from one of the students and $3.20 from another. As a result, defendant, one of the four youths in question, was indicted and charged with three counts of robbery in the second degree and one count of attempted robbery in the second degree. Following a jury trial, defendant was convicted of two counts of robbery in the second degree, found not guilty of the third count of robbery in the second degree and attempted robbery in the second degree and was sentenced to concurrent prison terms of 12 years. Defendant's sentences later were reduced to concurrent prison terms of nine years. Defendant now appeals.

At the time of trial, the four high school students testified

and each identified defendant as one of the perpetrators of the robberies. Additionally, one of defendant's codefendants testified on behalf of the People and implicated defendant in the robberies. As part of their direct case, the People also introduced the statements of the two nontestifying codefendants, which also implicated defendant in the robberies. Additionally, the People produced the testimony of police detective Arthur Shade concerning a statement that he obtained from defendant at police headquarters. Shade testified that during the course of his interrogation, defendant told him that on the day of the incident he became sick, left school early and went to his cousin's house, where he went to sleep. When Shade asked for the cousin's name, defendant replied, "I don't want to give his name." When Shade persisted, defendant responded that he did not want to elaborate any further.

Defendant took the stand in his defense and, on cross-examination, the People questioned him regarding his refusal to answer Shade's questions concerning the identity of his cousin. Additionally, the People made references to such refusal during their summation. County Court failed to provide limiting instructions with regard to defendant's refusal to identify his cousin, even though the court previously had advised counsel that if defendant's refusal to answer a question became known to the jury, the court would "indicate to the ladies and gentlemen of the jury that they cannot make any adverse inferences from a refusal to answer questions."

On this appeal, defendant contends that County Court erred in permitting the introduction of the statements of the two nontestifying codefendants and in eliciting testimony that defendant refused to provide the name of his cousin. We agree. While it is true that statements of the nontestifying codefendants might properly be admitted under the "background information" exception to the hearsay rule (see People v Tosca, 98 NY2d 660, 661 [2002]), that exception does not apply where, as here, a testifying codefendant has provided the same information (see United States v Reyes, 18 F3d 65, 70 [2d Cir 1994]). Moreover, it is axiomatic that when a defendant invokes his or her constitutional right against self-incrimination, the People may not use his or her silence against him or her on their direct case (see People v Conyers, 49 NY2d 174, 177 [1980], vacated on other grounds 449 US 809 [1980], adhered to on remand 52 NY2d 454 [1981]). This principle not only applies where a defendant refuses to answer any questions, but also to situations where a defendant responds to questioning but declines to answer selective questions (see e.g. People v Sprague, 267 AD2d

738

875, 879-880 [1999], *lv denied* 94 NY2d 925 [2000]; *People v Quinones*, 247 AD2d 216, 219 [1998], *lv denied* 91 NY2d 1011 [1998]). Such error is of constitutional dimension and thus may be deemed harmless "only if it is harmless beyond a reasonable doubt, that is, there is no reasonable *possibility* that the erroneously admitted evidence contributed to the conviction" (*People v Hamlin*, 71 NY2d 750, 756 [1988] [emphasis added]). While we recognize that the conviction here rests upon the eyewitness identification by four different witnesses, we are unable to say that there is no reasonable possibility that the admission of the nontestifying codefendants' statements, together with the evidence of defendant's silence during his police interrogation, contributed to defendant's conviction. Accordingly, the judgments must be reversed and a new trial must be held.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgments are reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.