■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TAYLOR, Appellant. [782 NYS2d 215]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered June 23, 2000. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and attempted petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and attempted petit larceny (§§ 110.00, 155.25). We reject the contention of defendant that County Court erred in denying his request to redact portions of his admission to a police officer concerning a prior arrest for forgery. The reference to the prior arrest was relevant to establish defendant's intent to commit the forgery crime charged, and its probative value outweighed its prejudicial effect (*see People v Brumfield*, 236 AD2d 839 [1997], *lv denied* 89 NY2d 1032 [1997]; *People v Rodriguez*, 135 AD2d 586, 587 [1987], *lv denied* 70 NY2d 1010 [1988]). Moreover, the court's limiting instructions to the jury mitigated any prejudice to defendant (*see People v Foster*, 211 AD2d 640, 640-641 [1995], *lv denied* 85 NY2d 909 [1995]; *Rodriguez*, 135 AD2d at 587). The court's *Sandoval* ruling, in which the court allowed the People to cross-examine defendant with respect to prior convictions of forgery and burglary, was not an abuse of discretion.

Those convictions were relevant on the issue of defendant's credibility (*see People v O'Garro,* 258 AD2d 423, 424 [1999], *lv denied* 93 NY2d 975 [1999]; *People v Lynch,* 209 AD2d 827 [1994], *lv denied* 84 NY2d 1034 [1995]). The similarity of the forgery convictions to the forgery crime charged did not preclude the court from allowing the People to cross-examine defendant with respect to those convictions (*see People v Hayes,* 97 NY2d 203, 208 [2002]; *People v Varlack,* 259 AD2d 392, 393 [1999], *lv denied* 93 NY2d 1029 [1999]; *People v Fowler,* 194 AD2d 551, 552 [1993], *lv denied* 82 NY2d 717 [1993]). Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.