■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. HUNT, Appellant. [794 NYS2d 490]—

Kane, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered August 11, 2003, upon a verdict convicting defendant of two counts of the crime of criminal possession of stolen property in the fourth degree.

Benjamin Phetteplace stole two shotguns from his father's house and sold them to defendant, who then sold the guns to another person. The jury convicted defendant of two counts of criminal possession of stolen property in the fourth degree,

resulting in concurrent sentences of 2 to 4 years in prison. Defendant appeals.

County Court erred in permitting the prosecution to elicit testimony that defendant asserted his constitutional rights. A defendant's invocation of his right against self-incrimination or to counsel in response to police questioning cannot be used against him during the People's direct case (*see People v Von Werne*, 41 NY2d 584, 587-588 [1977]; *People v Goldston*, 6 AD3d 736, 737 [2004]). This rule applies equally to situations in which a defendant responds to questioning but declines to answer certain questions or desires to halt questioning (*see People v Goldston, supra* at 737; *People v Sprague*, 267 AD2d 875, 879-880 [1999], *lv denied* 94 NY2d 925 [2000]). When testimony regarding exercise of these rights is permitted over objection and without limiting instructions, it creates a prejudicial inference of consciousness of guilt (*see People v Al-Kanani*, 26 NY2d 473, 478 [1970]).

Here, a pretrial ruling permitted the police investigator to testify that during his interrogation, defendant waived his *Miranda* rights and answered questions concerning handguns not involved in these charges, but when asked about the shotguns, defendant asked for a lawyer and the interview ended. In accordance with that ruling, the District Attorney mentioned this conversation in his opening statement, elicited such testimony from the investigator, and briefly referred to it in his summation. Defendant argued against the admission of such testimony during the pretrial proceedings and objected during the People's opening and questioning of the investigator. The People's proffered purpose for this testimony, to explain to the jury why police questioning ceased, was insufficient to permit this constitutionally offensive testimony and references thereto.

Next, we must determine whether this constitutional error may be deemed harmless beyond a reasonable doubt (*see People v Goldston, supra* at 738). The improper testimony was highlighted by the prosecution in both its opening and closing statements. The issue of defendant's knowledge that the shotguns were stolen was hotly contested, rendering an inference of consciousness of guilt extremely damaging. This testimony was clearly in the jurors' minds, as evidenced by their note asking for a read-back of the investigator's testimony regarding his "conversation with [defendant] up to his requesting an attorney." No limiting instructions could have ameliorated this constitutional error. Under the circumstances, we are unable to exclude the reasonable possibility that the admission of testimony regarding defendant's choice to request an attorney

contributed to his conviction (*see People v Von Werne, supra* at 588; *People v Goldston, supra* at 738). Thus, he is entitled to a new trial.

Although the same testimony was elicited in front of the grand jury, not every elicitation of inadmissible testimony renders an indictment defective (*see People v Huston*, 88 NY2d 400, 409 [1996]). Because the remaining admissible evidence was sufficient to sustain the indictment, we decline to declare it defective or dismiss it (*see id.*; *People v Crandall*, 306 AD2d 748, 749 [2003], *lv denied* 100 NY2d 619 [2003]).

We also address County Court's *Sandoval* ruling, which will arise in the context of a retrial. The court allowed the People to question defendant regarding three previous felony convictions for attempted burglary and forgery and inquire into the facts underlying those convictions. A *Sandoval* determination rests in the trial court's sound discretion, based on the circumstances of the individual case (*see People v Hayes*, 97 NY2d 203, 207 [2002]). Forgery and burglary convictions involve individual dishonesty that is highly probative on the issue of defendant's credibility (*see People v Taylor*, 11 AD3d 930, 931 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Gordon [Thomas]*, 282 AD2d 868, 869 [2001], *lvs denied* 96 NY2d 863, 869 [2001]). Still, before permitting the prosecution to question defendant about the underlying facts of those crimes, the court was required to review those facts in order to conduct a proper balancing of their probative value versus any prejudice to defendant. Such balancing should be undertaken here prior to a new ruling on the admissibility of those underlying facts to impeach defendant should he testify.

Defendant's remaining arguments are either unpreserved for our review (*see* CPL 470.05 [2]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]), or are rendered moot by our remittal for a new trial.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chenango County for a new trial.