■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKEEM KNOWLES, Appellant. [839 NYS2d 324]—

Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered February 15, 2006, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree, criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree.

On March 14, 2002, a group of people congregated at an apartment in the City of Schenectady, Schenectady County for the purpose of smoking crack cocaine. Jason Battaglia telephoned Cecelia Simmons, a drug dealer known as "Tank," and ordered $50 worth of cocaine. Simmons went to the apartment building and threw the drugs up a flight of stairs to Battaglia, who went into an apartment. Simmons waited approximately 15 minutes for Battaglia to return with money for the drugs and when he failed to do so, she informed defendant, apparently her partner, of his failure to pay. At some point, defendant and Simmons observed Battaglia running from the apartment building and they gave chase. Battaglia climbed over a fence, followed by defendant who caught up with Battaglia and began to fight with him. During the fight, Battaglia gave up the drugs and thereafter was stabbed in the chest by defendant, as the result of which Battaglia died from hemorrhaging.

Defendant thereafter was indicted and charged with two counts of murder in the second degree, two counts of robbery in the first degree and one count each of robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was found guilty of felony murder, robbery in the first degree, criminal possession of a weapon in the fourth degree and criminal sale of a controlled substance in the third degree. Defendant was sentenced to concurrent prison terms of 25 years to life for the felony murder conviction and 25 years for the first degree robbery conviction. Additionally, defendant was sentenced to a concurrent one-year term of imprisonment for the weapon possession conviction and 8$^1$/$_3$ to 25 years of

imprisonment for his conviction of criminal sale of a controlled substance, which was ordered to run consecutively to the other sentences. Defendant now appeals.

Initially, we reject defendant's contention that there was legally insufficient evidence to support his convictions or, alternatively, that the convictions were contrary to the weight of the evidence. With respect to the felony murder and robbery convictions, defendant's argument is premised upon the theory that the evidence fails to establish that Battaglia had a superior possessory right to the drugs in question. In short, defendant asserts that as a partner of Simmons, he was acting under a claim of right in attempting to recover the drugs in question and, as such, he had a defense to the forcible larceny. We disagree. This Court has explicitly held that a good-faith claim of right is not a defense to robbery (*see People v Banks*, 55 AD2d 795, 795-796 [1976]), which holding has been cited with approval by the Court of Appeals (*see People v Reid*, 69 NY2d 469 [1987]).

Nevertheless, the convictions for felony murder and robbery must be reversed and a new trial granted. In its charge to the jury, County Court defined robbery as "forcible stealing" and charged the jury, quite properly, that one who commits robbery must intend "to deprive another of property or to appropriate the property to himself or to a third person" and must take the property from its owner. The court then went on to instruct that "[a]n owner is any person who has a right to possession superior to that of the taker. Under our law's definition, Jason Battaglia was an owner of the property." As such, the court charged the jury, as a matter of law, that Battaglia was the owner of the property sought to be stolen by defendant and such charge constituted reversible error because it relieved the prosecution of proving that element of the crime as a matter of fact (*see People v Hogue*, 139 AD2d 835, 836 [1988]). As has been observed by the Court of Appeals, " '[n]o matter how conclusive the evidence . . . each of the . . . fundamental facts [is] for the jury to pass upon' " (*People v Lewis*, 64 NY2d 1031, 1032 [1985], quoting *People v Walker*, 198 NY 329, 334 [1910]).

Moreover, defendant's convictions of felony murder and robbery, as well as his convictions of criminal possession of a weapon and criminal sale of a controlled substance, must be reversed and a new trial granted because of the improper introduction into evidence of defendant's invocation of his right to counsel and his election to remain silent. While trial counsel failed to preserve this issue for our review by objecting to the offending testimony, we will entertain defendant's claim in the interest of justice.

It is axiomatic that a defendant's invocation of his right to counsel during custodial interrogation may not be used against him by the People as part of their case-in-chief (*see People v Hunt*, 18 AD3d 891, 892 [2005]). Moreover, such error will not be considered harmless unless the trial court provides prompt and emphatic curative instructions that the jury may not draw any adverse inferences from defendant's request for counsel (*see People v McLean*, 243 AD2d 756, 756-757 [1997], *lv denied* 91 NY2d 928 [1998]).

Here, the prosecution referenced defendant's invocation of his constitutional rights during its opening statement and then elicited testimony to that effect on its direct case. Thereafter, the prosecution referenced the matter in its closing argument, and the jury requested a read back of the offending testimony during deliberations. While County Court advised the jury that defendant had a right to request counsel and to remain silent, the jury was not admonished that it could not draw any inferences against defendant for exercising those rights. Under these circumstances, it cannot be said that there is no reasonable possibility that the evidence of defendant's invocation of his right to counsel contributed to his conviction (*see People v Hunt, supra* at 892-893; *People v Goldston*, 6 AD3d 736, 738 [2004]).

Inasmuch as there must be a new trial, we would point out that any evidence of defendant's prior uncharged drug activity should be accompanied by appropriate limiting instructions, which also was not done here. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Schenectady County for a new trial.