■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE JONES, Appellant. [849 NYS2d 244]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J., at hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered August 21, 2006, convicting defendant of two counts each of robbery in the third degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

The hearing court should have granted defendant's motion to suppress his first statement to police since the officer's statement was the "functional equivalent" of an interrogation without *Miranda* warnings (*Rhode Island v Innis*, 446 US 291, 301 [1980]). Nevertheless, defendant's second statement, approximately four hours later, was spontaneous (*cf. People v Johnson*, 216 AD2d 185, 187 [1995]), and the record does not support the conclusion that defendant was so committed to his first statement that he felt compelled to make another, containing numerous additional details (*see People v Tanner*, 30 NY2d 102, 106 [1972]; *People v Duncan*, 295 AD2d 533, 535 [2002], *lv denied* 98 NY2d 767 [2002]). Given the more damaging nature of the second statement, and the strength of the other evidence against defendant, we find any error denying suppression of the first statement to be harmless (*see People v Sanders*, 56 NY2d 51, 66 [1982]).

The court properly denied defendant's motion, based on the People's inadvertent loss of the ATM vestibule videotape, to preclude the testimony of the bank officer who testified that attempts to use the victim's ATM card occurred at the ATM vestibule at which defendant was arrested in close proximity to the victim's wallet. This testimony merely corroborated that of the arresting officer, who saw defendant attempting to use the ATM machines. Moreover, it was not clear that the video camera was situated in such a way as to provide exculpatory evidence. In any event, the court properly exercised its discretion by delivering an adverse inference charge regarding this lost tape, which eliminated any prejudice to defendant (*People v Martinez*,

71 NY2d 937, 940 [1988]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.