■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOSEPH MURPHY, Appellant. [856 NYS2d 713]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 12, 2006, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was arrested for allegedly stabbing another person. He was advised of his *Miranda* rights and agreed to speak to the police. During the interrogation, he stated that he wanted to speak to an attorney. The questioning was immediately stopped and the police provided defendant with a telephone. An officer informed defendant that the line was tape-recorded; the telephone was also labeled to that effect. Defendant then called his father and, during that call, also spoke with his sister. At trial, over defendant's objection and without curative instructions, County Court allowed the People to play the entire tape-recording of that 14-minute call on their direct case. At the jury's request, it was replayed during deliberations. The jury found defendant guilty of second degree murder and he was sentenced to 25 years to life in prison.

Defendant contends that his statements to his sister should have been suppressed as the product of unlawful police interrogation following his invocation of the right to counsel. We do not agree. Under these circumstances, where defendant was put

on notice that the telephone call would be tape-recorded by police, his statements must be considered to be spontaneous, and not "the result of 'express questioning or its functional equivalent' " (*People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983], quoting *People v Stoesser*, 53 NY2d 648, 650 [1981]; *see People v Eldridge*, 213 AD2d 667, 668 [1995], *lv denied* 86 NY2d 781 [1995]).

However, for the following reasons, we conclude that the admission into evidence of the entire recording without any redaction, in conjunction with other circumstances at trial, constituted reversible error. Importantly, the recording contains repeated references to defendant's invocation of both his right against self-incrimination and his right to counsel. It is well settled that a defendant's invocation of those rights during custodial interrogation may not be used against him as part of the People's case-in-chief (*see People v De George*, 73 NY2d 614, 618-619 [1989]; *People v Conyers*, 52 NY2d 454, 458-459 [1981]; *People v Al-Kanani*, 26 NY2d 473, 478 [1970]). The error was compounded when the People, during their direct case, elicited testimony from a police officer regarding defendant's invocation of those rights (*see People v Hunt*, 18 AD3d 891, 892 [2005]), and also when the People, upon cross-examination, questioned defendant about his prior failure to come forward with an exculpatory version of events, thereby burdening defendant's exercise of his right to remain silent (*see People v Conyers*, 52 NY2d at 458). Although no objection was made to either line of questioning, we cannot ignore the potential for prejudice (*see People v Knowles*, 42 AD3d 662, 664-665 [2007]), particularly when considered in conjunction with the admission of the recording.

Notwithstanding the fact that County Court provided some curative instructions in its final charge to the jury, under all of the circumstances herein, and given that the evidence of defendant's guilt presented at the trial was not overwhelming, we are unable to conclude that there is no reasonable possibility that the evidence regarding defendant's invocation of his rights contributed to his conviction (*see People v Von Werne*, 41 NY2d 584, 588 [1977]; *People v Knowles*, 42 AD3d at 665; *People v Hunt*, 18 AD3d at 892-893). Accordingly, the judgment must be reversed and the matter remitted for a new trial.

The foregoing conclusion renders defendant's remaining contentions academic.

Carpinello, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Albany County for a new trial.