■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. JOHNSON, Appellant. [896 NYS2d 199]—

Stein, J. Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered May 22, 2008, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant was arrested and subsequently indicted for driving

while intoxicated (hereinafter DWI). In addition, a special information filed by the People accused defendant of having been previously convicted of DWI. After *Huntley*, *Sandoval* and *Molineux* hearings were held, a three-day jury trial ensued and defendant was found guilty as charged. County Court thereafter sentenced defendant to a prison term of 2 to 6 years. Defendant now appeals.

Defendant contends that his conviction was based on legally insufficient evidence and the verdict was against the weight of the evidence. We find no merit to either contention. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People (*see People v Harper*, 75 NY2d 313, 316-317 [1990]) and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). As relevant here, in order to convict defendant of DWI, the People were required to establish that defendant was driving a vehicle in an intoxicated condition (*see* Vehicle and Traffic Law § 1192 [3]).

We find no merit to defendant's argument that, in the absence of any chemical or blood tests or testimony that he was observed consuming alcohol, the evidence was insufficient to demonstrate that he was intoxicated by alcohol—as opposed to merely impaired as the result of pain and prescribed medications (*see* Vehicle and Traffic Law § 1192 [3]; *People v Hamm*, 29 AD3d 1079, 1080-1081 [2006]; *People v Sawinski*, 246 AD2d 689, 691 [1998], *lv denied* 91 NY2d 930 [1998]; *People v Bowers*, 201 AD2d 830, 830 [1994], *lv denied* 83 NY2d 909 [1994]). Police Officer Loretta Weisner testified that she observed defendant operating his motor vehicle in an erratic manner and that, after signaling him to pull over, defendant attempted to flee, first in his vehicle and then on foot. Weisner and other officers also testified that defendant's eyes were glassy and bloodshot, he smelled of alcohol, lacked motor coordination and had slurred speech. One of the officers further testified that he found a half empty can of beer in the console of defendant's vehicle. Based on the foregoing, we find that there was valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury.

Defendant also argues that, even if the evidence was legally sufficient, the verdict was against the weight of the evidence. In determining whether a verdict is against the weight of the evidence, we view the evidence in a neutral light and, if a different finding would not have been unreasonable, we " 'weigh the relative probative force of conflicting testimony and the relative

strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 636 [2006]; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]), giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 595-596 [2006], *lv denied* 7 NY3d 756 [2006]). Here, while a different finding would not have been unreasonable, the jury, as the final arbiter of credibility, clearly did not accept or credit defendant's explanation for his intoxicated appearance—that it was a result of the prescribed medications he was taking and/or the pain he was experiencing* (*see People v Bowers*, 201 AD2d at 830). Based on all of the proof, we conclude that the verdict was not against the weight of the evidence.

We next address defendant's contention that County Court improperly denied his request for a *Dunaway* hearing or the right to pursue relevant questioning during the *Huntley* hearing to challenge the existence of probable cause for his arrest. Assuming that defendant's pretrial omnibus motion raised the issue explicitly enough to put the People on notice (*see People v Fenner*, 91 AD2d 667, 669 [1982], *affd* 61 NY2d 971 [1984])—and, therefore, that it was error not to hold a probable cause hearing and to prevent defendant from making related inquiries during the *Huntley* hearing—such error was harmless, as the testimony concerning Weisner's observations and the subsequent pursuit were sufficient to demonstrate probable cause for defendant's arrest (*see People v Swanston*, 277 AD2d 600, 602-603 [2000], *lv denied* 96 NY2d 739 [2001]).

Nevertheless, we must reverse defendant's conviction and grant a new trial on other grounds. "It is axiomatic that a defendant's invocation of his [or her] right to counsel during custodial interrogation may not be used against him [or her] by the People as part of their case-in-chief" (*People v Knowles*, 42 AD3d 662, 665 [2007] [citation omitted]; *see People v Murphy*, 51 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 792 [2008]). Here, County Court allowed the People to enter into evidence as part of their direct case a videotape of the booking process pertaining to defendant. At the time of the events portrayed in that videotape, defendant was clearly in custody, having been arrested and given his *Miranda* and DWI warnings. On the

---

* Defendant fractured his clavicle while attempting to flee from the police officers on foot.

videotape, defendant invoked both his right to remain silent and his right to counsel. While County Court gave appropriate curative instructions with respect to defendant's invocation of his right to remain silent, it gave no such instruction as to the invocation of his right to counsel. Under the circumstances here, we are unable to conclude "that there is no reasonable possibility that the evidence of defendant's invocation of his right to counsel contributed to his conviction" (*People v Knowles*, 42 AD3d at 665; *see People v Hunt*, 18 AD3d 891, 892-893 [2005]; *People v Goldston*, 6 AD3d 736, 738 [2004]). Moreover, even though defendant did not object to the admission of the videotape, "we cannot ignore the potential for prejudice" (*People v Murphy*, 51 AD3d at 1058).

We also agree with defendant's contention that it was reversible error to admit into evidence defendant's emergency room medical records without redacting two notations in the treating physician's report that defendant was intoxicated. Under the facts and circumstances of this case, since the People failed to demonstrate that the question of whether defendant was intoxicated was relevant or germane to the medical diagnosis or treatment of his broken clavicle (*see People v Thomas*, 282 AD2d 827, 828 [2001], *lv denied* 96 NY2d 925 [2001]), the reference to intoxication in the medical records was not admissible pursuant to the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Bailey*, 252 AD2d 815, 815-816 [1998], *lv denied* 92 NY2d 922 [1998]). Furthermore, inasmuch as defendant's intoxication was the very issue to be decided by the jury, it cannot be said that the admission of the unredacted record was harmless (*cf. People v Castillo*, 62 AD3d 540, 541 [2009], *lv denied* 13 NY3d 795 [2009]).

Defendant's remaining contentions are academic in view of our determination herein.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Fulton County for a new trial.