■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MURPHY, Appellant. [913 NYS2d 815]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 18, 2009, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

On the night of April 29, 2006 and into the early morning hours of April 30, 2006, defendant was engaged in two incidents with Joseph Jerome on Hudson Avenue in the City of Albany. Jerome's companions, Hector Perez and Rob Desantola, were also present. During the first encounter, defendant exchanged words with the group on the sidewalk outside his home. Perez then punched defendant twice, knocking him down and injuring his lip. The second encounter occurred shortly thereafter when Jerome, Perez and Desantola returned to the area outside defendant's home. During that encounter, defendant fatally stabbed Jerome. The details surrounding both incidents are sharply disputed.

Defendant was convicted of murder in the second degree. Subsequently, this Court reversed that conviction on the ground that the admission into evidence of certain tape-recorded statements by defendant, in conjunction with other circumstances at the trial, violated defendant's right against self-incrimination and right to counsel, and we remitted the matter for a new trial (*People v Murphy*, 51 AD3d 1057 [2008], *lv denied* 11 NY3d 792

[2008]). Following a retrial, defendant was convicted of manslaughter in the second degree and sentenced to 5 to 15 years in prison. He now appeals, and we affirm.

Initially, we are not persuaded by defendant's contention that County Court should have denied the People's reverse-*Batson* objection to his peremptory challenge of an African-American juror. While defense counsel offered a race-neutral explanation for the challenge—specifically, that the juror indicated that one of the reasons she kept a dog was for security—our review of the record supports the court's factual finding that the reason was pretextual (*see People v Hecker*, 15 NY3d 625, 660-662 [2010]; *People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Knowles*, 79 AD3d 16, 21 [2010]; *People v Fulton*, 24 AD3d 959, 962 [2005], *lv denied* 6 NY3d 847 [2006], *cert denied* 549 US 1037 [2006]). In particular, we note that defense counsel had stricken every other African-American juror up to that point, and the court had previously put counsel "on notice" and warned him that his proffered explanation as to one of those jurors was only "marginally acceptable." Under these circumstances, and mindful that the court's evaluation of counsel's motivation in making the specific challenge at issue herein turned largely on its assessment of counsel's credibility, which is entitled to great deference (*see People v Hecker*, 15 NY3d at 661; *People v Smocum*, 99 NY2d at 422; *People v Knowles*, 79 AD3d at 21-22; *People v Dolphy*, 257 AD2d 681, 683 [1999], *lv denied* 93 NY2d 872 [1999]), we find no error in the court's decision to strike the peremptory challenge.

Defendant next argues that County Court erred in excluding both the testimony of a mental health counselor who would have testified that defendant exhibits two symptoms of post-traumatic stress disorder (hereinafter PTSD), and the testimony of a psychiatrist who diagnosed defendant with "sub clinical PTSD" based upon his opinion that defendant exhibits three symptoms of PTSD. Defendant argues that such expert testimony was necessary to assist the jury in understanding his state of mind at the time of the stabbing, which was crucial to his justification defense.

" 'It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness' " (*People v Lee*, 96 NY2d 157, 162 [2001], quoting *People v Cronin*, 60 NY2d 430, 433 [1983]). Here, after extensive oral argument and written

submissions by both parties, County Court excluded the testimony based upon its conclusions that subclinical PTSD is not a recognized syndrome, disease or mental defect, and that the specific symptoms at issue—hypervigilance, emotional numbing, and a sense of helplessness in the face of stress—were within the jury's range of knowledge and intelligence, particularly since defendant himself would be able to testify about his military experience and other events purportedly underlying his symptoms. Under the particular circumstances presented, we find that the court did not abuse its discretion in this regard (*see People v Johnston*, 273 AD2d 514, 517-518 [2000], *lv. denied* 95 NY2d 935 [2000]; *People v Fish*, 235 AD2d 578, 579-580 [1997], *lv denied* 89 NY2d 1092 [1997]).

Defendant next contends that the testimony of a police detective briefly noting that defendant "refused to talk about the fight," as well as the People's fleeting reference to that testimony during summation, violated defendant's right against self-incrimination. Notably, however, counsel raised no objection to the summation. Furthermore, when objecting to the testimony, counsel did not contend that the offending testimony impermissibly implicated defendant's invocation of his right to remain silent. Rather, counsel stated that his objection was based upon his belief that the line of questioning being pursued by the prosecutor would "ultimately" result in testimony that defendant invoked his right against self-incrimination and his right to counsel. When the prosecutor assured him that he would take the questioning in another direction, counsel stated, "That is fine," and no curative instruction was requested. Accordingly, the arguments made herein are not preserved for appellate review. In any event, in light of the evidence presented, we find that any such errors were "harmless beyond a reasonable doubt" inasmuch as there is "no reasonable possibility that the error[s] might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237 [1975]).

We are also not persuaded by defendant's claim that the prosecutor violated his rights by noting during summation that defendant failed to provide an exculpatory version of events. Not only did defendant fail to object, rendering the issue unpreserved, but the prosecutor's comments in that regard referenced defendant's tape-recorded conversation with his father and sister, not his interaction with police. Finally, with respect to defendant's challenge to the redacted version of the tape-recorded conversation that was admitted at the retrial, we note that defendant asks this Court to reverse its previous holding that his statements were spontaneous (*see People v Murphy*, 51 AD3d at 1057-1058), which we decline to do.

Peters, Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.