# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

643

KA 06-01978

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDWARD KITHCART, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 1, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), defendant contends that the evidence is legally insufficient to establish the underlying felony of rape or attempted rape. Even assuming, arguendo, that defendant's motion for a trial order of dismissal was sufficiently specific to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19), we conclude that it is without merit (*see People v Washington*, 305 AD2d 433, *lv denied* 100 NY2d 588). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject defendant's contention that County Court erred in refusing to suppress statements that he made during a 1992 police interview. The deception used by the police was not " 'so fundamentally unfair as to deny [defendant] due process' " (*People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886, 887, quoting *People v Tarsia*, 50 NY2d 1, 11), nor did it " 'create a substantial risk that the defendant might falsely incriminate himself' " (*People v Andrus*, 77 AD3d 1283, 1284, *lv denied* 16 NY3d 827).

Defendant failed to preserve for our review his further contention that the court erred in admitting evidence of his refusal to provide a blood sample for testing (*see generally People v Denison*, 300 AD2d 1060; *People v Hathaway*, 245 AD2d 1066), and we decline to exercise our power to review that contention as a matter of discretion

in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject the contention of defendant that the People's failure to call the officer who obtained his statement in 2005 as a witness at the *Huntley* hearing rendered the evidence establishing the voluntariness of that statement insufficient.  The People met their "burden of going forward to show the legality of the police conduct in the first instance" (*People v Di Stefano*, 38 NY2d 640, 652), as well as their burden of establishing that the statement in question was voluntarily made, by presenting the testimony of another officer who was present when defendant was advised of his *Miranda* rights and validly waived them before making that statement (*see People v Witherspoon*, 66 NY2d 973, 973-974; *People v Drumm*, 15 AD3d 910, *lv denied* 4 NY3d 853).

Defendant failed to preserve for our review his further contention that the court erred in permitting the People to introduce evidence that defendant invoked his right to remain silent by terminating the 2005 interview (*see People v Murphy*, 79 AD3d 1451, 1453).  Defendant also failed to preserve for our review his contention that the court erred in permitting the prosecutor to comment on such evidence during summation (*see People v Lombardi*, 68 AD3d 1765, *lv denied* 14 NY3d 802).  "In any event, in light of the evidence presented, we [conclude] that any such errors [are] 'harmless beyond a reasonable doubt' inasmuch as there is 'no reasonable possibility that the error[s] might have contributed to defendant's conviction' " (*Murphy*, 79 AD3d at 1453, quoting *People v Crimmins*, 36 NY2d 230, 237).  Defendant's remaining contentions with respect to the prosecutor's alleged misconduct during summation are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  The court did not abuse its discretion in denying defendant's request to discharge defense counsel (*see People v Porto*, 16 NY3d 93, 99-101), and the record establishes that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Finally, defendant failed to preserve for our review his further contention that the court erred in sentencing him without the benefit of an adequate presentence report, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Diaz*, 26 AD3d 768).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court