# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

114

KA 08-02354

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD L. VROOMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

RONALD L. VROOMAN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered October 31, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant's contention that the prosecutor erred in eliciting testimony with respect to defendant's invocation of the right to counsel is not preserved for our review (*see* CPL 470.05 [2]; *see also People v Kithcart*, 85 AD3d 1558, 1559-1560, *lv denied* 17 NY3d 818). In any event, we conclude that any error with respect thereto is "harmless beyond a reasonable doubt inasmuch as there is no reasonable possibility that the error[] might have contributed to defendant's conviction" (*People v Capers*, 94 AD3d 1475, 1476, *lv denied* 19 NY3d 971 [internal quotation marks omitted]; *see Kithcart*, 85 AD3d at 1559-1560; *see generally People v Crimmins*, 36 NY2d 230, 237). Defendant was not denied effective assistance of counsel by defense counsel's failure to object to that testimony (*see People v Caban*, 5 NY3d 143, 152; *People v Williams*, 107 AD3d 1516, 1517, *lv denied* 21 NY3d 1047) and, viewing the evidence, the law and the circumstances of the case, in totality and at the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

In his pro se supplemental brief, defendant contends that the conviction is not based on legally sufficient evidence. We reject that contention. Here, the evidence adduced at trial establishes that

the victim was brutally beaten and had a petechial injury in her eye commonly associated with asphyxiation; that the victim was left to die after the beating; that defendant's DNA was found on the victim; that defendant's fingerprint was found on a cup located approximately 30 inches from the victim's body; and that defendant admitted to the People's final witness his role in the "killing" of a person who matched some of the victim's characteristics and who was killed at approximately the same time as the victim.  Defendant challenges the legal sufficiency of the evidence on the specific grounds that the People failed to establish his identity as the victim's killer and his intent to kill the victim.  Defendant's challenge to the legal sufficiency of the evidence with respect to intent is unpreserved for our review (*see generally People v Gray*, 86 NY2d 10, 19; *People v Scott*, 61 AD3d 1348, 1349, *lv denied* 12 NY3d 920, *reconsideration denied* 12 NY3d 799).  In any event, in light of the above evidence, we conclude that both of defendant's challenges to the legal sufficiency of the evidence lack merit (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that the verdict is against the weight of the evidence because the testimony of the People's final witness was incredible.  We reject that contention.  " '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942), and we see no reason to disturb the jury's resolution of those issues in this case.  Defendant also contends that the verdict is against the weight of the evidence with respect to the issues of intent and identification, arguing specifically that the evidence establishes only that he had sexual contact with the victim on the night she was killed, and not that he killed her.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We note in particular that "intent [to kill] 'may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (*People v Massey*, 61 AD3d 1433, 1433, *lv denied* 13 NY3d 746; *see generally People v Geddes*, 49 AD3d 1255, 1256, *lv denied* 10 NY3d 863).

Finally, defendant contends in his pro se supplemental brief that County Court erred in failing to submit the lesser included offense of "manslaughter" to the jury.  "Defendant did not ask the court to so charge and therefore failed to preserve his contention[] for our review" (*People v Gibbs*, 286 AD2d 865, 867, *lv denied* 97 NY2d 704; *see People v Taylor*, 83 AD3d 1505, 1506, *lv denied* 17 NY3d 822), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).


Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court