# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: January 8, 2015         105632
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                 Respondent,

     v                            MEMORANDUM AND ORDER

BRUCE CAREY,
                 Appellant.
_____

Calendar Date: November 14, 2014

Before: Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

     Mitch Kessler, Cohoes, for appellant, and appellant
pro se.

     Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

McCarthy, J.

     Appeal from a judgment of the County Court of Schenectady
County (Hoye, J.), rendered October 18, 2012, upon a verdict
convicting defendant of the crimes of rape in the third degree,
criminal sexual act in the third degree and promoting
prostitution in the second degree.

     As a result of defendant's interactions with a 15-year-old
girl over the course of several days, he was indicted on charges
of rape in the first degree, rape in the third degree, criminal
sexual act in the third degree and promoting prostitution in the
second degree. At trial, County Court dismissed the charge of
rape in the first degree and the jury convicted defendant of the
remaining counts. The court sentenced defendant, as a persistent

felony offender, to an aggregate prison term of 15 years to life. Defendant appeals.

Defendant's convictions were not against the weight of the evidence. Defendant was 54 years old at the time of the events in question. The victim testified that she was 15 years old when defendant had sexual intercourse with her and she performed oral sex on him. She testified that she met defendant through her friend, who said that defendant would get her work as an escort. Defendant paid for her bus ticket from New York City to the City of Schenectady, Schenectady County, met her at the bus station, showed her a video on prostitution and explained that she would be doing the same thing, provided her with clothing, drove her around, and directed her to approach a van and open her coat as an offer to the man inside. This testimony, along with proof of DNA evidence that defendant's semen was found in the victim's underwear and inside her sexual organs, established defendant's guilt of the three crimes. Despite the victim's credibility being damaged by proof, among other things, that she absconded from a secure facility, had mental health problems, previously made false statements about what happened the day she traveled to Schenectady – including under oath in her grand jury testimony – and was offered immunity from prosecution for perjury prior to testifying, the jury was free to accept portions of her testimony and rely on it to find defendant guilty (see People v McCray, 102 AD3d 1000, 1003-1004 [2013], affd 23 NY3d 193 [2014]; People v Hoppe, 96 AD3d 1157, 1159-1160 [2012], lv denied 19 NY3d 1026 [2012]). We will not disturb those credibility determinations.

County Court properly ruled that defendant could not question the victim about a prior rape complaint. While the Rape Shield Law (see CPL 60.42) does not preclude impeachment of a victim regarding prior false claims of rape, such complaints are only admissible if they are demonstrated to be false and sufficiently similar to suggest a pattern that casts doubt upon or bears a probative relation to the current charges (see People v Lackey, 48 AD3d 982, 983 [2008], lv denied 10 NY3d 936 [2008]; People v Lane, 47 AD3d 1125, 1128 [2008], lv denied 10 NY3d 866 [2008]). Inasmuch as defendant here did not demonstrate that the prior complaint was false or sufficiently similar to suggest a pattern, the court properly precluded any questioning on that

prior complaint (see People v Mandel, 48 NY2d 952, 953-954 [1979], appeal dismissed and cert denied 446 US 949 [1980]; People v Lane, 47 AD3d at 1128).

Nevertheless, defendant is entitled to a new trial. During their case-in-chief, the People generally cannot introduce evidence that a defendant invoked his or her constitutional right to remain silent or to obtain counsel (see People v Von Werne, 41 NY2d 584, 587-588 [1977]; People v Dashnaw, 85 AD3d 1389, 1392 [2011], lv denied 17 NY3d 815 [2011]; People v Hunt, 18 AD3d 891, 892 [2005]). At the trial here, the People played the recording of the police interview up to and including the portion in which defendant stated that he would not sign the line of the Miranda form indicating his willingness to speak to the detective, and defendant stated, "Let me have a lawyer." This was improper because "it creates a prejudicial inference of consciousness of guilt" by letting the jury hear defendant invoke his constitutional rights (People v Hunt, 18 AD3d at 892; see People v Von Werne, 41 NY2d at 588; People v Al-Kanani, 26 NY2d 473, 478 [1970]).

The next question is whether this constitutional error was harmless beyond a reasonable doubt, such that there is no reasonable possibility that it contributed to defendant's convictions (see People v Hunt, 18 AD3d at 892; People v Goldston, 6 AD3d 736, 738 [2004]). The People did not mention this improper evidence in their opening or closing statements, no questions were asked of the detective regarding that portion of the interview, and the jury did not ask to review the recording during deliberations (compare People v Hunt, 18 AD3d at 892). No curative instructions were given on this topic (see People v Knowles, 42 AD3d 662, 665 [2007]). While the convictions were not against the weight of the evidence and the DNA evidence may have been strong enough to ensure a conviction on the rape count, the evidence on the other counts — consisting mainly of the victim's testimony — cannot be classified as overwhelming. Under the circumstances, as there is a reasonable possibility that the convictions were affected by the improper admission of evidence that defendant invoked his constitutional rights and thereby expressed consciousness of guilt, we reverse and remit for a new trial (see People v Dashnaw, 85 AD3d at 1392; People v Murphy, 51

AD3d 1057, 1058 [2008], <u>lv denied</u> 11 NY3d 792 [2008]).

On the retrial, the People must ensure that they also redact defendant's references to his criminal history from the recording of his interview with the police. Defendant's remaining contentions are academic in light of our remittal for a new trial.

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court