### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: March 5, 2015                    105122
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

RAYMOND WRIGHT,
                        Appellant.
_____

Calendar Date: January 16, 2015

Before: Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Adam G. Parisi, Schenectady, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
rendered September 26, 2011 in Schenectady County, upon a verdict
convicting defendant of the crimes of burglary in the second
degree and grand larceny in the fourth degree.

        Defendant was charged in a three-count indictment with
burglary in the second degree, grand larceny in the fourth degree
and menacing in the second degree following an August 2010
incident wherein defendant entered the home of Kristi Kenyon (his
former girlfriend) — through a window and in the middle of the
night — and, among other things, attempted to stab Kenyon's new
boyfriend with what was described as a serrated kitchen knife.
When Kenyon tried to call 911, defendant grabbed her cell phone

and fled the scene.  After locating another cell phone in the residence, Kenyon called for help — reporting that she had been stabbed.[1]

Shortly thereafter, defendant was spotted by various members of the Schenectady Police Department less than one block from Kenyon's residence and was stopped and questioned.  On numerous occasions after being approached by the officers — and both prior to and after being advised of his Miranda rights — defendant made certain statements implicating himself in the attack.  Following a jury trial, defendant was convicted of burglary in the second degree and grand larceny in the fourth degree and thereafter was sentenced, as a second violent felony offender, to 12 years in prison and five years of postrelease supervision with respect to the burglary conviction and to a lesser and concurrent term of imprisonment as to the grand larceny conviction.  Defendant now appeals.

We affirm.  To the extent that defendant's pro se challenge to his initial detainment by the police has been preserved for our review, we find it to be lacking in merit.  "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed by the person arrested.  Accordingly, a police officer may effect a warrantless arrest when he or she observes a suspect in close geographic and temporal proximity to the crime scene and the suspect's appearance matches a sufficiently detailed description of the perpetrator received by the officer" (People v August, 33 AD3d 1046, 1048 [2006], lv denied 8 NY3d 878 [2007] [internal quotation marks and citations omitted]; see People v Robinson, 101 AD3d 1245, 1245-1246 [2012], lv denied 20 NY3d 1103 [2013]).  Here, while en route to Kenyon's residence in response to her 911

---

[1]  At some point during the melee, Kenyon was struck in the chest with what she initially believed to be a knife.  A broken hammer was recovered at the scene, and a circular bruise — consistent in appearance with the head of a hammer — is apparent in a photo of Kenyon's chest taken at a local hospital following the incident.

call, officers spotted defendant — whose description and clothing matched that provided by Kenyon — less than one block from Kenyon's residence. Accordingly, we are satisfied that defendant's arrest was supported by probable cause.

Defendant next contends that this matter must be remitted for resolution of his suppression motion. We disagree. The record reflects that the underlying Huntley hearing was conducted by a judicial hearing officer pursuant to CPL 255.20 (4), who recommended that defendant's motion be denied in all respects. Not long after the judicial hearing officer's report was issued, this matter was removed from County Court to Supreme Court — apparently without either court formally "determin[ing] the motion" within the meaning of the statute (CPL 255.20 [4]). However, "[a] court's failure to expressly rule on a motion is deemed a denial thereof" (People v Ashley, 89 AD3d 1283, 1284 [2011], lv denied 18 NY3d 955 [2012]; see People v Ott, 83 AD3d 1495, 1497 [2011]). Moreover, prior to jury selection, defense counsel expressed his concerns regarding "the results" of the Huntley hearing and the corresponding admissibility of certain of defendant's statements, thereby evidencing an understanding that the subject motion had (at least effectively) been denied. Under these circumstances, remittal is not warranted.

As to the admissibility of the statements, defendant contends that Supreme Court erred in admitting into evidence certain statements that he made to members of the Schenectady Police Department (1) when he initially was approached by the police near the scene of the crime, (2) while he was being transported to the police station in a patrol vehicle, (3) after he was advised of his Miranda warnings at the police station and interviewed, and (4) after he invoked his right to counsel. Preliminarily, a review of the trial transcript reveals that defendant did not object to the admission of any of the now challenged statements and, therefore, we find this issue to be unpreserved for our review (see CPL 470.05 [2]; People v Devers, 82 AD3d 1261, 1262 [2011], lv denied 17 NY3d 794 [2011]; People v Perkins, 24 AD3d 890, 891 [2005], lv denied 6 NY3d 816 [2006]). In any event, we are satisfied — upon reviewing the record — that the contested statements either were not the product of a custodial interrogation, were spontaneous or represented a

voluntary statement made following a valid waiver of defendant's Miranda rights (see People v Kenyon, 108 AD3d 933, 935-936 [2013], lv denied 21 NY3d 1075 [2013]).  Moreover, even if we were to otherwise find merit to defendant's argument on this point, we would deem any error in this regard to be harmless in light of the overwhelming evidence of his guilt (see e.g. People v Rodriguez, 55 AD3d 351, 351-352 [2008], lv denied 12 NY3d 762 [2009]; People v Jones, 47 AD3d 446, 446 [2008], lv denied 10 NY3d 841 [2008]) — most notably, the testimony offered by Kenyon and her new boyfriend as to defendant's actions on the morning in question.

As a final matter, defendant contends that he was deprived of a fair trial because the jury was permitted to view that portion of the interrogation video wherein defendant invoked his right to counsel.  Although there is no question that "[a] defendant's invocation of his [or her] right . . . to counsel . . . cannot be used against him [or her] during the People's direct case" (People v Hunt, 18 AD3d 891, 892 [2005]), defendant — as noted previously — rendered no objection when the subject video was admitted into evidence, nor did he request that the video be redacted in any fashion and/or seek any sort of limiting instruction with respect thereto.  Hence, this issue is unpreserved for our review (see People v Demagall, 114 AD3d 189, 201-202 [2014], lv denied 23 NY3d 1035 [2014]).  In any event, in light of the overwhelming evidence of defendant's guilt, the admission of this particular portion of the video constitutes harmless error (see People v Daniels, 115 AD3d 1364, 1365 [2014], lv denied 23 NY3d 1019 [2014]; People v Vrooman, 115 AD3d 1189, 1190 [2014], lv denied 23 NY3d 969 [2014]).  Defendant's remaining contentions, including his assertion that the People improperly superseded the original indictment and that he was denied the effective assistance of counsel, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court