People v Cheatham (2023 NY Slip Op 05738)

People v Cheatham

2023 NY Slip Op 05738

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-06333
 (Ind. No. 80/18)

[*1]The People of the State of New York, respondent,
v
James Cheatham, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered May 7, 2019, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt. Specifically, at trial there was evidence that on February 20, 2018, between approximately 5:30 p.m. and 5:40 p.m., two police officers were patrolling the Spirit of America ferry traveling from Staten Island to Manhattan. During their patrol, the officers observed two men, one of whom was the defendant, who were located on the second level of the ferry and who were chest-to-chest and yelling and cursing at each other. The officers separated the men, with the first police officer taking one man down to the first level of the ferry, and the second officer remaining on the second level with the defendant. The defendant became more aggravated and hostile, shouted that he was going to kill the other man, and attempted to push the second police officer out of his way. As the second police officer tried to calm the defendant, the defendant stated that in addition to killing the other man, he was going to kill the officer. The second police officer then attempted to place the defendant under arrest. As the second police officer attempted to place the defendant under arrest, the defendant, among other things, bit down on the officer's left ring finger. According to the second police officer, the bite caused "excruciating" pain to his finger, in addition to bleeding, a laceration, bruising, and swelling. The bite also caused numbness that continued for approximately two months after the incident. Immediately after the incident, the second police officer was treated at Richmond University Medical Center, where he received, among other things, an injection of lidocaine for pain. He also treated with a hand specialist for approximately four appointments between the date of the incident and May 2018. During his treatment with the hand specialist, the officer was initially unable to make a fist since his left ring finger would "stick up."
This evidence was sufficient to establish that the defendant caused physical injury to the second police officer while intending to prevent the officer from performing a lawful duty in [*2]handcuffing the defendant and placing him under arrest (Penal Law § 120.05[3]; People v Wheeler, 40 NY3d 925, 926; People v Chiddick, 8 NY3d 445, 447-448; People v Wares, 165 AD3d 1182, 1182). Similarly, the evidence established the elements of the crime of resisting arrest by demonstrating that the defendant intentionally attempted to prevent his own authorized arrest by the police (see Penal Law § 205.30).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Wares, 165 AD3d 1182).
Further, the redaction of the second police officer's medical records was proper, since the redacted material was not relevant or germane to the medical diagnosis or treatment of his finger injury (see People v Ortega, 15 NY3d 610; People v Johnson, 70 AD3d 1188, 1191). Additionally, the defendant's contention that the Supreme Court improperly impeded his ability to present a defense and his right to due process by sustaining certain objections to the direct testimony of his expert witness is unpreserved for appellate review (see People v Haddock, 79 AD3d 1148, 1149), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court