■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PORTALATIN, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 27, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated July 10, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

Viewing the evidence in the light most favorable to the People, as we must on appeal, we find that it was sufficient as a matter of law to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that alleged prosecutorial misconduct deprived him of his right to a fair trial is unavailing since the specific alleged instances of such misconduct were either not preserved for appellate review or are without merit *(see,* CPL 470.05 [2]; *People v Caserta,* 19 NY2d 18; *cf., People v Lombardi,* 20 NY2d 266, *rearg denied* 20 NY2d 970, *on remand* 39 AD2d 700, *affd* 33 NY2d 658, *cert denied* 416 US 906; *cf., People v Eanes,* 43 AD2d 744).

In addition, we find no merit to the defendant's claim that the trial court erred in instructing the jury that they should consider the fact that people can change their appearances as to certain characteristics, but other characteristics are immutable. In so charging, the trial court properly discharged its duty to give an adequate and balanced instruction to the jury and to ensure a fair and orderly trial *(see, People v Gonzalez,* 38 NY2d 208; *People v Bell,* 38 NY2d 116).

Finally, the trial court properly denied the defendant's motion to vacate the judgment pursuant to CPL 440.10. In the first instance, the documentation submitted by the defendant does not support his contentions that the prosecutor, at the trial, knowingly allowed false testimony or that the judgment was procured by duress, misrepresentation or fraud on the part of the prosecutor *(see,* CPL 440.10 [1] [b], [c]). In addition, the defendant failed to present an affidavit which supported his contentions, as required by CPL 440.30 (1). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.