■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ROBLES, Appellant. [621 NYS2d 81] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered August 31, 1988, convicting him

of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated March 10, 1992, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction. By decision and order of this Court dated June 21, 1993 *(People v Robles,* 194 AD2d 750), the matters were remitted to the Supreme Court, Kings County, to hear and report on whether a report prepared by a police lieutenant, contains statements of a witness, Sergeant Shields, such that it should have been turned over to the defense as *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), and the appeals were held in abeyance in the interim. The Supreme Court has conducted a hearing and filed its report with this Court.

Ordered that the judgment and the order are affirmed.

The defendant contends that the People violated the *Rosario* rule by failing to turn over a report prepared by Lieutenant Hohmann (hereinafter the Hohmann Report), because this report constituted *Rosario* material as to a prosecution witness, Sergeant Shields. We disagree. The majority of the report merely sets forth the factual details of the investigation of the crime. It is a summary of information not attributed to any particular prosecution witness, nor does it contain any statements of prosecution witnesses *(see, People v Chavis,* 190 AD2d 683, 684; *People v Lebron,* 184 AD2d 784, 787; *People v Miller,* 183 AD2d 790, 791; *People v Mills,* 142 AD2d 653, 654). Furthermore, although portions of the first and last paragraphs of the Hohmann Report are attributed to Sergeant Shields, we find that the defense received the duplicative equivalent of this material in a "DD5" report prepared by Sergeant Shields, which the defense stipulated had been turned over prior to trial *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.