■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN STERN, Appellant. [641 NYS2d 248] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered January 29, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed. Orders, same court and Justice, entered on or about February 3, 1993 and November 14, 1994, denying defendant's motions to vacate the same judgment, unanimously affirmed.

Defendant was convicted of hiring two men, through an intermediary, to kill his brother-in-law. The intermediary was one of defendant's employees, Robert DaSilva, and the primary evidence offered against defendant was the testimony of DaSilva concerning the plan to hire the killers, the solicitation of those persons, the payments made to them, and the confirmation provided by them that the job had been completed.

The People further offered into evidence certain tape recorded conversations, recorded in 1988, eight years after the murder, during which DaSilva, playing the role of police informant, attempted to obtain admissions from defendant concerning the homicide. Defendant made several inculpatory admissions on the tapes and was arrested for the murder in November 1988.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence was sufficient to satisfy the accomplice corroboration requirement of CPL 60.22. Defendant's own admissions, both on the tape recordings and those made to a jailhouse informant, reflected a familiarity with the parties involved in the murder conspiracy

and certain details of the crime that tended to connect him to the commission of the crime (*see, People v Bretti,* 68 NY2d 929; *People v Cunningham,* 48 NY2d 938). While the corroboration must be independent of, and not draw its weight or probative value from the accomplice's testimony (*People v Hudson,* 51 NY2d 233, 238-239), defendant's admission on the tape that "nobody else knows" that he and DaSilva orchestrated the killing stands on its own footing without reference to DaSilva's testimony (*see, People v Bretti, supra*).

Defendant's right to counsel was not violated during the surreptitious tape recordings, undertaken at the behest of the police, since there is no evidence to support defendant's claim that the police knew or should have known that defendant was represented by counsel (*cf., People v West,* 81 NY2d 370). Even though DaSilva heard certain discussions between defendant and his attorney shortly after the murder in 1980, there is no basis to impute this knowledge to the police, for whom DaSilva was working eight years later. The knowledge was clearly acquired outside the scope of the agency relationship, and therefore cannot be imputed.

CPL 710.30 notice was not required with respect to the tape recordings since that statute expressly is limited to statements made to a "public servant" and DaSilva did not meet that definition (CPL 710.30 [1] [a]). Any extension in the scope of the notice provision to coincide with the broader provisions concerning motions to suppress involuntary statements (*see,* CPL 710.20, 710.30) is best left for the Legislature (*see, Matter of Luis M.,* 83 NY2d 226).

Defendant raised several *Rosario* claims in his CPL 440.10 motion, the denial of which is challenged on appeal. The primary focus is four tape-recorded conversations made by DaSilva in conjunction with his interception of phone conversations from the office where he worked, to some of which he was not a party. Three of these tapes had DaSilva's voice on them, and when the Assistant District Attorney was informed about them, they were confiscated and placed in a vault in the District Attorney's Office, where they remained until this posttrial motion was brought. Defendant claims that these tapes containing pretrial statements of DaSilva constituted *Rosario* material and the failure to turn them over constituted reversible error. As is conceded, tape No. 2 is not a subject of this appeal.

The motion court, however, correctly found that the first and third tape were not *Rosario* material because they did not relate to the subject matter of the witness's direct testimony

(CPL 240.45 [1] [a]). DaSilva's statements on these tapes related to the investigation of defendant concerning unrelated crimes, and DaSilva's eviction from his apartment because of his informing on defendant, neither of which DaSilva mentioned during his direct testimony at trial. To the extent DaSilva's comments concerning his eviction demonstrated hostility to defendant, evidence bearing solely on credibility is not *Rosario* material unless it relates to the witness's direct testimony (*see, People v Perez*, 65 NY2d 154, 159; *People v Fridman*, 162 AD2d 136, *lv denied* 76 NY2d 893).

The failure to disclose the fourth tape, which concededly included DaSilva's discussion of the murder, was not a *Rosario* violation since it was never in the custody or control of the People (*see, People v Washington*, 86 NY2d 189, 192). This tape was never given to the District Attorney, and the trial court's determination that this tape was made on DaSilva's own initiative, in flagrant disregard of the prosecutor's direction to stop taping phone conversations, is well supported in the record. Indeed, the record supports the finding that these reports were made outside the scope of the existing agency relationship, and therefore the prosecution did not have constructive possession of them.

The lieutenant's memorandum disclosed by the prosecutor some time after defendant's conviction was also not *Rosario* material, since it was not a statement of the witness DaSilva, but rather a terse factual summary drawn from secondary sources (*see, People v Robles*, 210 AD2d 264, *lv denied* 85 NY2d 942).

Defendant's motion to vacate the judgment was also based on a claim that the judgment was procured by the knowing use of false testimony by the prosecutor (CPL 440.10 [1] [c]). However, since the bank records and other evidence did not establish that DaSilva's testimony concerning certain bank transactions, which occurred ten years before, was false, rather than simply mistaken, and there was no evidence at all indicating that the prosecutor knew or should have known that the testimony was false, defendant failed to raise an issue of fact requiring a hearing (*see, People v Brown*, 56 NY2d 242; *People v Portalatin*, 132 AD2d 581, *lv denied* 70 NY2d 716).

Nor was defendant deprived of his constitutional right to present a defense. The trial court properly excluded the testimony of two defense witnesses, one because there was no clear connection between the drug dealers, who were allegedly after the deceased, and the crime itself (*see, People v Coleman*, 186 AD2d 509, *lv denied* 81 NY2d 787), and the other because

it was in the form of a telephone call from an unidentified caller (*see, People v Lynes*, 49 NY2d 286, 291-292), and had limited relevance to the case. Similarly, it was proper to strike a defense witness's testimony that DaSilva was known as "Bullshit Bob" since the foundation requirements for reputation evidence were not satisfied by the defense (*see, People v Pavao*, 59 NY2d 282).

A "total" circumstantial evidence charge (*see, People v Sanchez*, 61 NY2d 1022) was not required since defendant's admissions on the tape constituted direct evidence of his guilt (*compare, People v Rumble*, 45 NY2d 879, *with People v Burke*, 62 NY2d 860). Defendant's claim that the court failed to instruct the jury that the "circumstantial facts" had to be proven beyond a reasonable doubt is unpreserved for appellate review as a matter of law (*see, People v Jackson*, 76 NY2d 908), and we decline to review it in the interest of justice. Moreover, the court did instruct the jury that the circumstantial evidence must exclude to a "moral certainty" every "reasonable hypothesis of innocence".

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ. *[See,* 163 Misc 2d 746.]