■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. [718 NYS2d 305] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered April 21, 1997, convicting defendant, after a jury trial, of two counts of robbery in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that defendant threatened the use of force in each of the two incidents, and defendant's relatively polite behavior does not warrant a contrary conclusion. The record fails to support defendant's arguments that a language barrier caused the victim to misinterpret defendant's statements, or that defendant's conduct was consistent with begging or some other innocent explanation. In each incident defendant placed his hand in his pocket, pointed to the cash register, asked the victim to

open it, and took a substantial amount of money from both the register and the victim's wallet. Moreover, in the first incident, defendant made a statement implying that the victim would be hurt if she resisted.

Jury selection was conducted in a lawful manner. After both sides had accepted the 13th prospective juror, the court went on to consider the 14th. Both sides accepted juror 14 and the jury was complete. Defense counsel then said, "But if you would allow me to do this, could we strike [juror 13] or is it too late?" The court denied that request.

There is nothing in CPL 270.15 that would require a court to grant a defendant's request to exercise a peremptory challenge to a juror who had already been accepted by both sides earlier in jury selection, but who had not yet been sworn (*see, People v Alston*, 88 NY2d 519). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.