■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. [783 NYS2d 2]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered December 7, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second

felony offender, to concurrent terms of 6 to 12 years and 2 to 4 years, respectively, unanimously affirmed.

The court properly rejected defendant's attempt to make a belated peremptory challenge to a juror (*see People v Smith*, 278 AD2d 75 [2000], *lv denied* 96 NY2d 763 [2001]). To the extent that defendant is claiming that his attorney rendered ineffective assistance by initially disregarding defendant's request that she challenge the juror in question, that claim is both factually unreviewable on the present record (*People v Kinchen*, 60 NY2d 772 [1983]) and without legal merit (*People v Colon*, 90 NY2d 824 [1997]).

The court properly exercised its discretion in denying defendant's motion for a mistrial made on the ground that the People committed a discovery violation by failing to turn over three pages of defendant's own grand jury testimony. We note that defendant declined the court's offer to deliver an adverse inference charge instead (*see People v Young*, 48 NY2d 995 [1980]), and that the mistrial motion was untimely in that the issue should have been raised at the time the People turned over an evidently incomplete set of grand jury minutes (*see People v Tamayo*, 222 AD2d 321 [1995], *lv denied* 88 NY2d 886 [1996]). In any event, a mistrial was not warranted because the People's inadvertent discovery violation did not cause defendant any surprise or prejudice.

The court's *Sandoval* ruling, which precluded inquiry into some of defendant's convictions and into the underlying facts of all of them, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The prosecutor's minor deviation from the *Sandoval* ruling during cross-examination of defendant was harmless (*see People v Perry*, 305 AD2d 274 [2003], *lv denied* 100 NY2d 597 [2003]).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unreviewable for lack of a sufficient record, or unpreserved, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.