■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WILLIAMS, Appellant. [854 NYS2d 586]—

Rose, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered April 1, 2004 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal possession of stolen property in the fourth degree, and (2) by permission, from an order of said court, entered August 20, 2007 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

At defendant's trial on charges of robbery in the second degree and criminal possession of stolen property in the fourth degree, the victim, a pedestrian, testified that a black male grabbed her pocketbook as he drove by her in a car, dragging her to the ground as he sped away with it. She could not, however, identify defendant as the person who had robbed her. It was the

testimony of Michael Flood, a possible accomplice, that placed defendant in the driver's seat of Flood's car at the time and place of the robbery. Flood related that while he was riding in the car in the area where the robbery occurred, he heard a scream, defendant threw a pocketbook onto his lap and, upon looking back, he saw the victim on the ground. Another witness, Charles Kirkley, corroborated this testimony by averring that defendant and Flood came to his apartment later on the day of the robbery with a black pocketbook, credit cards and other personal items. After Flood and Kirkley were excused and the People were about to close their case, defense counsel discovered through cross-examination of a police officer that they had each made statements about the robbery and their possession of stolen property which had been recorded, but not previously disclosed. After reviewing the officer's notes and finding other potentially exculpatory materials in the prosecutor's file, defense counsel argued that their untimely disclosure constituted *Rosario* and *Brady* violations which severely prejudiced defendant, and moved for dismissal of the charges. While Supreme Court agreed that the nondisclosure was "an egregious violation" and rejected the prosecutor's explanation of why the materials were not disclosed, it reserved decision on defendant's motion and directed the recall of Flood and Kirkley for further cross-examination.

The next morning, the People were able to produce Flood, but not Kirkley. Supreme Court then denied defendant's motion for dismissal and, instead, offered his counsel the opportunity to immediately cross-examine Flood. When counsel stated that he was not going to accommodate the prosecution's violations by doing so, the court told him that he could refuse only after Flood was on the stand and the jury was present. As a result, counsel did ask Flood a few additional questions. The court also denied defendant's motion to strike Kirkley's earlier testimony despite his unavailability because it found the materials regarding him to be immaterial or not inconsistent with his testimony. After the jury found him guilty as charged and he was sentenced, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), citing the *Rosario* and *Brady* violations revealed during trial. Supreme Court denied the motion. Defendant now appeals that order and the judgment of conviction.

While we find little merit in defendant's other arguments, we are persuaded that Supreme Court erred in denying his motion to set aside the verdict on the ground that he was substantially prejudiced by the People's failure to timely disclose significant *Rosario* and *Brady* materials. The *Rosario* rule, codified in CPL

240.45, "obligates the prosecution to disclose any recorded statement in its possession or control made by a person the prosecutor intends to call to the stand, which relates to the subject matter of the witness' testimony" (*People v Santorelli*, 95 NY2d 412, 422 [2000]; *see People v Rosario*, 9 NY2d 286, 289 [1961]). A failure to timely disclose such statements, however, is grounds for reversal only if the defendant shows "that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75; *see People v Crandall*, 38 AD3d 996, 997 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Oglesby*, 12 AD3d 857 [2004], *lv denied* 5 NY3d 792 [2005]). A *Brady* violation occurs when the People fail to timely disclose all exculpatory and material evidence (*see Brady v Maryland*, 373 US 83 [1963]), including evidence that could be used to challenge the credibility of a crucial prosecution witness (*see People v Baxley*, 84 NY2d 208, 213 [1994]) or that would reflect a cooperation agreement between a witness and the prosecution (*see People v Steadman*, 82 NY2d 1, 7-8 [1993]; *People v Novoa*, 70 NY2d 490, 496-497 [1987]). Where the People fail to disclose such evidence and where, as here, the defendant has made a specific request for such materials, reversal is required "if there is a 'reasonable possibility' that, had that material been disclosed, the result would have been different" (*People v Bond*, 95 NY2d 840, 843 [2000]; *see People v Vilardi*, 76 NY2d 67, 77 [1990]; *People v McBean*, 32 AD3d 549, 551 [2006], *lv denied* 7 NY3d 927 [2006]). However, even where such evidence is not disclosed until after trial begins, such an error will not require reversal as long as the defense was afforded a meaningful opportunity to use it to cross-examine the People's witnesses or as evidence-in-chief (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Swansbrough*, 22 AD3d 877, 879 [2005]; *People v Monroe*, 17 AD3d 863, 864 [2005]; *People v Tessitore*, 178 AD2d 763, 764 [1991], *lv denied* 79 NY2d 1008 [1992]).

Here, the record is clear that the People failed to disclose numerous *Rosario* and *Brady* materials until after their last witness testified and those materials could have been used to challenge the credibility of crucial prosecution witnesses. As for Flood, the materials indicate that he had previously denied any knowledge of the robbery and claimed that he had been on the telephone with his wife and his car had been stolen. They also call into question Flood's claim that he received no benefit from the People for his cooperation in testifying against defendant because he was spared sentencing as a persistent felony offender and his plea apparently satisfied a burglary charge beyond those to which he pleaded guilty. Nonetheless, because the defense was offered a meaningful opportunity to further cross-

examine Flood after counsel had reviewed the withheld *Rosario* and *Brady* materials, we find that defendant failed to show a reasonable possibility that the result at trial would have been different if the materials had been timely disclosed (*see People v Richard*, 30 AD3d 750, 754 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Ward*, 282 AD2d 819, 822 [2001], *lv denied* 96 NY2d 942 [2001]).

We reach a different conclusion, however, with regard to Kirkley. Contrary to Kirkley's testimony, the *Rosario* and *Brady* materials regarding him included notes of a police officer indicating that Kirkley had reported seeing a black pocketbook in the possession of defendant and Flood at his apartment on the Sunday before the robbery of the victim here and that the pocketbook observed on the afternoon of the robbery had belonged to a different victim because its contents included a "lady's sheriff badge." In addition, the materials reflected that, contrary to his testimony that he was not a receiver of stolen property, Kirkley had participated with Flood in prior robberies and received a share of the items stolen. Further, the materials included an inventory of stolen property recovered from Kirkley's apartment that could have been used to challenge his testimony that he was not in possession of any stolen property. Since these belatedly disclosed materials could have been used to impeach the witness who corroborated the testimony of the only person who testified that defendant was the perpetrator of the robbery, and since the defense had accused Flood of the robbery here, their nondisclosure constituted *Rosario* and *Brady* violations that substantially prejudiced the defense (*see People v Baxley*, 84 NY2d at 213; *People v Monroe*, 17 AD3d at 864). Inasmuch as Kirkley was not made available for further cross-examination, defendant had no meaningful opportunity to use those materials. Moreover, this prejudice was not ameliorated by Supreme Court's later instruction that the jury could infer that if Kirkley had been further cross-examined, his credibility would have been "further impeached" and his testimony would have contradicted the People's other witnesses. Since the jury was not told in what respect Kirkley would have been impeached or how his testimony would have been different than before, this adverse inference charge was an ineffective sanction for the People's untimely disclosure. Accordingly, reversal and a new trial are necessary (*see People v Mitchell*, 14 AD3d 579, 580 [2005]; *People v Janota*, 181 AD2d 932, 933-934 [1992]; *compare People v Osborne*, 91 NY2d 827, 828 [1997]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment and order are reversed, on the law,

motion to vacate granted, and matter remitted to the Supreme Court for a new trial.