# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

579
KA 09-01169
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DEVON CAPERS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 17, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree (two counts), criminal sexual act in the first degree (two counts), unlawful imprisonment in the first degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of burglary in the first degree (Penal Law § 140.30 [3]) and criminal sexual act in the first degree (§ 130.50 [1]). As the People correctly concede, County Court erred in permitting a police investigator to testify that defendant refused to answer certain questions and that the interview was thereafter terminated. That testimony implied that defendant had stopped answering the investigator's questions and had invoked his right to remain silent. "Neither a defendant's silence [nor his or her] invocation of the right against self-incrimination during police interrogation can be used against him [or her] on the People's direct case" (*People v Whitley*, 78 AD3d 1084, 1085). We nevertheless conclude, "in light of the evidence presented, . . . that any such error[  is] 'harmless beyond a reasonable doubt' inasmuch as there is 'no reasonable possibility that the error[] might have contributed to defendant's conviction' " (*People v Murphy*, 79 AD3d 1451, 1453, *lv denied* 16 NY3d 862, quoting *People v Crimmins*, 36 NY2d 230, 237; *see People v Kithcart*, 85 AD3d 1558, 1559-1560, *lv denied* 17 NY3d 818).

"[D]efendant's contentions that the testimony of a [police] detective recounting the description of the perpetrator given by a witness constituted improper bolstering ]and inadmissible hearsay . . .

are unpreserved for [our] review[ because] the defendant did not object to the testimony on those grounds" (*People v Walker*, 70 AD3d 870, 871, *lv denied* 14 NY3d 894; *see People v Everson*, 100 NY2d 609, 610; *People v Tevaha*, 84 NY2d 879, 880-881). In any event, that contention is without merit. The People were entitled "to provide background information [concerning] how and why the police pursued and confronted defendant" (*People v Tosca*, 98 NY2d 660, 661).

Contrary to defendant's further contention, the court properly concluded that the showup identification procedure was not unduly suggestive. Showup identification procedures are permitted where, as here, they are "reasonable under the circumstances--that is, when conducted in close geographic and temporal proximity to the crime--and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597). "Here, the showup identification procedure took place at the scene of the crime, within 90 minutes of the commission of the crime and in the course of a continuous, ongoing investigation" (*People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803; *see People v Harris*, 57 AD3d 1427, 1428, *lv denied* 12 NY3d 817).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: April 20, 2012                    Frances E. Cafarell
                                           Clerk of the Court