SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

340

KA 09-01766

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PAUL WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered June 30, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, rape in the third degree and criminal impersonation in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part convicting defendant of criminal impersonation in the first degree and dismissing count five of the superseding indictment, and by vacating the sentence imposed for rape in the third degree, and the matter is remitted to Onondaga County Court for resentencing on that count, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [1]), rape in the third degree (§ 130.25 [3]), and criminal impersonation in the first degree (§ 190.26 [1], [2]). We reject defendant's contention that the conviction of sexual abuse must be reversed because County Court's jury instructions created a possibility that the jury convicted him upon a theory different from that set forth in the superseding indictment (hereinafter, indictment). Although defendant failed to object to the court's instructions and thus failed to preserve that contention for our review, we have previously "conclude[d] that preservation is not required" with respect to this issue (*People v Greaves*, 1 AD3d 979, 980), because "[t]he right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711). Here, the indictment, as amplified by the bill of particulars, charged defendant with committing the crime of sexual abuse in the first degree by physical force (*see generally* § 130.00 [8] [a]), whereas the court's instructions permitted the jury

to convict defendant upon a finding that he committed the crime by means of an expressed or implied threat (*see generally* § 130.00 [8] [b]).  Notwithstanding that error, we conclude that reversal is not required under the circumstances of this case.  "Had there been evidence from which the . . . jury could have concluded that defendant accomplished his crimes through the use of express or implied threats that overcame the complainant's will, then the court's instructions—which permitted the jury to consider that uncharged theory—might well have violated defendant's right to be tried only for crimes with which the [g]rand [j]ury had charged him.  [Here, to the contrary], there was no such evidence" (*People v Grega*, 72 NY2d 489, 496).

We agree with defendant, however, that the court's jury instructions with respect to the crime of criminal impersonation in the first degree permitted the jury to convict him upon a theory not charged in the indictment, and thus violated his right to be tried for only those crimes charged in the indictment, as limited by the bill of particulars (*see generally Matter of Corbin v Hillery*, 74 NY2d 279, 290, *affd sub nom. Grady v Corbin*, 495 US 508, *overruled on other grounds United States v Dixon*, 509 US 688).  Again, we address defendant's contention despite his failure to preserve it for our review (*see Rubin*, 101 AD2d at 77).  The fifth count of the indictment alleged that defendant committed the crime of criminal impersonation when he pretended to be a police officer and, "in the course of such pretense, committed or attempted to commit the felony of [r]ape in the first degree."  The court's instructions, however, permitted the jury to convict defendant upon finding that he committed any felony in the course of pretending to be a police officer, thus allowing the jury to convict defendant upon a theory not charged in the indictment.  We therefore modify the judgment accordingly.

Contrary to defendant's contention, we conclude with respect to the remaining counts that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not contrary to the weight of the evidence with respect to those counts (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that the court erred in denying his request to exercise a peremptory challenge against a prospective juror after both parties had accepted that prospective juror and exhausted their challenges to the alternate juror, and after the court declared jury selection to be complete.  "There is nothing in CPL 270.15 that would require a court to grant a defendant's request to exercise a peremptory challenge to a juror who had already been accepted by both sides earlier in jury selection, but who had not yet been sworn" (*People v Smith*, 278 AD2d 75, 76, *lv denied* 96 NY2d 763; *see People v Brown*, 52 AD3d 248, 248, *lv denied* 11 NY3d 735; *People v Smith*, 11 AD3d 202, 203, *lv denied* 4 NY3d 748).

Defendant further contends that he is entitled to a new trial

because of prosecutorial misconduct and because the court erred in several of its evidentiary rulings. Defendant alleges, inter alia, that the prosecutor engaged in misconduct by eliciting testimony regarding defendant's postarrest silence during the People's direct case, and he further alleges that the court erred by permitting the prosecutor to comment on that testimony during her opening and closing statements. We reject those contentions. As a preliminary matter, we reject the People's contention that defendant failed to preserve his contention for our review. Defense counsel objected, albeit belatedly, to the prosecutor's comments on defendant's postarrest silence during her opening statement, and promptly objected several times to questions that elicited testimony concerning defendant's postarrest silence. Although defendant failed to preserve that part of his contention concerning the prosecutor's closing statement, under the circumstances of this case we exercise our power to review that part of defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), particularly because the issue was raised earlier and thus was before the court in any event.

Next, we agree with defendant that those comments by the prosecutor during opening and closing statements were improper and that the court erred in admitting testimony that he refused to answer certain questions and remained silent with respect to others. "Neither a defendant's silence [nor his] invocation of the right against self-incrimination during police interrogation can be used against him on the People's direct case" (*People v Whitley*, 78 AD3d 1084, 1085; *see People v Capers*, 94 AD3d 1475, 1476, *lv denied* 19 NY3d 971). We nevertheless conclude, "in light of the evidence presented, . . . that any such errors were 'harmless beyond a reasonable doubt' inasmuch as there is 'no reasonable possibility that the error[s] might have contributed to defendant's conviction' " (*People v Murphy*, 79 AD3d 1451, 1453, *lv denied* 16 NY3d 862, quoting *People v Crimmins*, 36 NY2d 230, 237; *see Capers*, 94 AD3d at 1476).

With respect to defendant's contention that he was denied effective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). Defense counsel, inter alia, appropriately cross-examined the witnesses, gave cogent opening and closing statements, and presented a viable defense theory that resulted in defendant's acquittal of the two most serious charges in the indictment. Furthermore, defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for his various allegations of ineffectiveness (*People v Rivera*, 71 NY2d 705, 709).

Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for a new attorney or to proceed pro se. "In determining whether good cause [for substitution of counsel] exists, a trial court must consider the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance. Good cause determinations are necessarily

case-specific and therefore fall within the discretion of the trial court" (*People v Linares*, 2 NY3d 507, 510).  Furthermore, "good cause does not exist [where, as here,] defendants are guilty of delaying tactics or where, on the eve of trial, disagreements over trial strategy generate discord" (*id.* at 511).

With respect to defendant's contention that the court erred in denying his request to represent himself, the record establishes that his "request to represent himself was not clear and unequivocal. Rather, the record shows that his request was made in connection with applications for substitution of assigned counsel, and in the alternative to those applications.  Under those circumstances, the [court] did not improvidently exercise its discretion in denying the . . . request" (*People v Littlejohn*, 92 AD3d 898, 898, *lv denied* 19 NY3d 963; *see generally People v Payton*, 45 NY2d 300, 314, *revd on other grounds* 445 US 573).

We reject defendant's contention that the sentences imposed on the convictions of sexual abuse in the first degree and rape in the third degree must run concurrently, inasmuch "as each count involved a separate sexual act constituting a distinct offense" (*People v Colon*, 61 AD3d 772, 773, *lv denied* 13 NY3d 743; *see People v Stiles*, 78 AD3d 1570, 1570, *lv denied* 16 NY3d 863).  The People correctly concede, however, that the indeterminate term of imprisonment imposed upon the conviction of rape in the third degree is illegal.  That crime carries a mandatory determinate sentence with a period of postrelease supervision (*see* Penal Law § 70.80 [5] [b] [iv]; *see also* § 70.45 [2-a] [g]).  "Although this issue was not raised before the [sentencing] court . . . , we cannot allow an [illegal] sentence to stand" (*People v Price*, 140 AD2d 927, 928; *see People v Thigpen*, 30 AD3d 1047, 1049, *lv denied* 7 NY3d 818).  We therefore further modify the judgment by vacating the sentence imposed on that count, and we remit the matter to County Court for resentencing on that count.  The remainder of the sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court