# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

360

KA 09-02133

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

BURNIE DANIELS, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered August 4, 2009. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the third degree (Penal Law § 145.05 [2]) and petit larceny (§ 155.25). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that defendant's contention that the verdict is against the weight of the evidence lacks merit (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant that County Court erred in allowing the People to elicit testimony that defendant invoked his right to counsel (*see People v Nicholas*, 286 AD2d 861, 862, *affd* 98 NY2d 749; *People v Morrice*, 61 AD3d 1390, 1391; *People v Hunt*, 18 AD3d 891, 892), but we conclude that reversal is not required; the error is harmless beyond a reasonable doubt "inasmuch as there is no reasonable possibility that the error[] might have contributed to defendant's conviction" (*People v Capers*, 94 AD3d 1475, 1476, *lv denied* 19 NY3d 971 [internal quotation marks omitted]; *see People v Kithcart*, 85 AD3d 1558, 1559-1560, *lv denied* 17 NY3d 818; *see generally People v Crimmins*, 36 NY2d

230, 237).  We also reject defendant's contention that he is entitled to a new trial based on a *Brady* violation.  " '[W]hile the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material . . . as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see People v Comfort*, 60 AD3d 1298, 1300, *lv denied* 12 NY3d 924; *People v Barney*, 295 AD2d 1001, 1002, *lv denied* 98 NY2d 766).

Finally, we reject defendant's contention that he is entitled to a new trial based on an alleged *Rosario* violation.  Even assuming, arguendo, that all of the disputed evidence is *Rosario* material (*see People v Turner*, 233 AD2d 932, 933, *lv denied* 89 NY2d 1102; *People v Stern*, 226 AD2d 238, 239-240, *lv denied* 88 NY2d 969, *reconsideration denied* 88 NY2d 1072), we conclude that reversal is not warranted here. With respect to the evidence that defendant contends was not timely disclosed, we conclude that defendant failed to make a showing that there is "a reasonable possibility that the result at trial would have been different if [that] material[] had been timely disclosed" (*People v Williams*, 50 AD3d 1177, 1180; *see* CPL 240.75).  With respect to the evidence disclosed only after trial, we conclude that defendant failed to "show[] 'that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial' " (*Williams*, 50 AD3d at 1179, quoting CPL 240.75).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court