Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered August 4, 2009. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree and petit larceny.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the third degree (Penal Law § 145.05 [2]) and petit larceny (§ 155.25). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant’s contention that the evidence is legally insufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 *1365 NY2d 137, 147 [1981]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also conclude that defendant’s contention that the verdict is against the weight of the evidence lacks merit (see generally Bleakley, 69 NY2d at 495).
We agree with defendant that County Court erred in allowing the People to elicit testimony that defendant invoked his right to counsel (see People v Nicholas, 286 AD2d 861, 862 [2001], affd 98 NY2d 749 [2002]; People v Morrice, 61 AD3d 1390, 1391 [2009]; People v Hunt, 18 AD3d 891, 892 [2005]), but we conclude that reversal is not required; the error is harmless beyond a reasonable doubt “inasmuch as there is no reasonable possibility that the error [ ] might have contributed to defendant’s conviction” (People v Capers, 94 AD3d 1475, 1476 [2012], lv denied 19 NY3d 971 [2012] [internal quotation marks omitted]; see People v Kithcart, 85 AD3d 1558, 1559-1560 [2011], lv denied 17 NY3d 818 [2011]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). We also reject defendant’s contention that he is entitled to a new trial based on a Brady violation. “ ‘[W]hile the People unquestionably have a duty to disclose exculpatory material in their control,’ a defendant’s constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material ... as evidence during his case” (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Comfort, 60 AD3d 1298, 1300 [2009], lv denied 12 NY3d 924 [2009]; People v Barney, 295 AD2d 1001, 1002 [2002], lv denied 98 NY2d 766 [2002]).
Finally, we reject defendant’s contention that he is entitled to a new trial based on an alleged Rosario violation. Even assuming, arguendo, that all of the disputed evidence is Rosario material (see People v Turner, 233 AD2d 932, 933 [1996], lv denied 89 NY2d 1102 [1997]; People v Stern, 226 AD2d 238, 239-240 [1996], lv denied 88 NY2d 969 [1996], lv denied upon reconsideration 88 NY2d 1072 [1996]), we conclude that reversal is not warranted here. With respect to the evidence that defendant contends was not timely disclosed, we conclude that defendant failed to make a showing that there is “a reasonable possibility that the result at trial would have been different if [that] material ] had been timely disclosed” (People v Williams, 50 AD3d 1177, 1180 [2008]; see CPL 240.75). With respect to the evidence disclosed only after trial, we conclude that defendant failed to “show[ ] ‘that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial’ ” (Williams, 50 AD3d at 1179, quoting CPL 240.75).
Present— Centra, J.P, Fahey, Lindley, Sconiers and Whalen, JJ.