Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Jill Konviser, J., at jury trial and sentencing), rendered May 9, 2011, as amended June 3, 2011, convicting defendant of robbery in the second degree (two counts) and assault in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The victim and an eyewitness made reliable identifications within minutes of the robbery. In addition, one of the items taken in the robbery was a $100 bill, and before any questioning, and under circumstances from which the jury could infer consciousness of guilt, defendant volunteered to the police that he did not have $100.

The evidence also established physical injury and use of a dangerous instrument, which were elements of certain counts (*see* Penal Law §§ 120.05 [2]; 160.10 [2] [a]). The jury could have reasonably inferred that the victim sustained an injury to his ear, as well as other injuries, each of which caused substantial pain (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Rojas*, 61 NY2d 726 [1984]), and that some of these injuries were caused by means of a dangerous instrument, namely, the boots worn by defendant and two of his codefendants when they kicked the fallen victim.

The court properly denied defendant's motion to suppress his statement about not having $100. At about 4:00 a.m., roughly one minute after receiving a broadcast of a robbery in progress, officers arrived on the scene and found a man who could not communicate in English frantically pointing to a building. When defendant and a codefendant came out of the building a moment later, the police had, at least, a founded suspicion of criminality justifying a common-law inquiry to determine whether these men were involved in the crime. A nonverbal communication may be "a significant factor justifying police action" (*People v Rosa*, 67 AD3d 440, 440 [1st Dept 2009], *lv denied* 14 NY3d 773 [2010]), and here, under the totality of the circumstances, there was at least enough for a level-two inquiry. At the

time defendant made the statement at issue, he had not been subjected to any police intrusion beyond a direction to stop, which did not constitute a seizure (*see People v Bora*, 83 NY2d 531, 532-535 [1994]; *People v Francois*, 61 AD3d 524, 525 [1st Dept 2009], *affd* 14 NY3d 732 [2010]). Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONELL DINKINS, Appellant. [988 NYS2d 165]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered July 6, 2010, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree and bail jumping in the second degree and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1½ to 3 years, respectively, unanimously modified, on the law, to the extent of vacating the grand larceny conviction and remanded for further proceedings on that charge only, and otherwise affirmed.

Defendant's plea agreement provided that he would receive sentences of 2 to 4 years for grand larceny and 1½ to 3 years for bail jumping that would run concurrently with each other, but with the larceny sentence running concurrently with another sentence of 2 to 4 years imposed on a separate indictment, and the bail jumping sentence running consecutively to the sentence imposed on that indictment. We note that since the bail jumping conviction was based on defendant's failure to appear on the other indictment, the sentences for bail jumping and the underlying indictment were required to run consecutively absent certain mitigating circumstances (Penal Law § 70.25 [2-c]).

The court sentenced defendant in accordance with this promise. However, defendant's conviction under the indictment was reversed by this Court (104 AD3d 413 [1st Dept 2013], *appeal withdrawn* 21 NY3d 911 [2013]).

Where, as here, "a guilty plea is induced by the court's explicit promise that the defendant will receive a lesser sentence to run concurrently with a sentence in another case, and that conviction is overturned, the defendant may withdraw his plea and face the indictment, since the promise cannot be kept" (*People v Pichardo*, 1 NY3d 126, 129 [2003]). However, this principle does not apply to consecutive sentences (*see People v Olivero*, 272 AD2d 174 [1st Dept 2000], *lv denied* 95 NY2d 937 [2000]; *People v Privitere*, 156 AD2d 971 [4th Dept 1989]). Here,