OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
An information was filed charging defendant with, among other things, assault in the third degree (Penal Law § 120.00 [1]), alleging that defendant had pushed the complainant to the ground, causing the complainant to sustain lacerations to his back, shoulder and buttocks, and had struck the complainant in the face, fracturing the complainant’s right orbital bone. The information further alleged that defendant had thereby caused the complainant substantial pain.
Thereafter, defendant served the People with a demand for a bill of particulars in which he requested, among other things, that
“the People assert which injury is alleged in support of the assault charge. As the instant offense alleges a single punch and a single push, the defendant demands that the People affirmatively assert a distinction between the charges and the conduct alleged . . . [and] provide the precise area where the offense occurred.”
In response to defendant’s demand, the People submitted a bill of particulars in which they stated that they “intend to prove at trial on their direct case” that defendant had, on a specified street, “pushed the complainant to the ground” and, in a specified store, had “punched [the complainant] in the face once causing fractures to the complainant’s orbital bone.”
*70 Prior to the commencement of the jury trial, the People filed a prosecutor’s information charging defendant with assault in the third degree, which stated that “with the intent to cause physical injury to [the complainant], [defendant] caused injury, to wit: physical injury and substantial pain to [the complainant].” It appears, however, that defendant was not arraigned on the prosecutor’s information and, therefore, the original information was never dismissed (see CPL 100.50 [1]).
At the conclusion of the trial, the Criminal Court charged the jury that to find defendant guilty of assault in the third degree they would have to conclude, beyond a reasonable doubt, that defendant intended to, and did in fact, cause the complainant physical injury (Penal Law § 120.00 [1]). The court defined physical injury as the impairment of a physical condition or substantial pain. Defense counsel objected to the charge on the ground that the People had limited the theory of their proof, by virtue of the bill of particulars, to establishing physical injury solely by the impairment of a physical condition, to wit, fractures to the complainant’s orbital bone. Defendant was subsequently convicted of assault in the third degree.
On appeal, defendant contends that the People, in their response to the demand for a bill of particulars, had limited the theory of their proof of the element of physical injury to the impairment of a physical condition and were no longer basing their case on defendant having caused the complainant substantial pain. Consequently, the Criminal Court committed reversible error by “depriving [him] of adequate pretrial notice of the nature of the assault charge” when, during the jury charge, it defined physical injury as the “impairment of physical condition or substantial pain” (emphasis added). In addition, defendant contends that the evidence was legally insufficient and that the verdict was against the weight of the evidence.
In order to convict defendant of assault in the third degree, the People had to establish, beyond a reasonable doubt, that defendant, with the intent to cause physical injury to the complainant, caused such injury to the complainant (see Penal Law § 120.00 [1]). Physical injury is defined in Penal Law § 10.00 (9) as the “impairment of physical condition or substantial pain.”
Generally, the People are bound by any limitations of their theory of the case as set forth in their bill of particulars (see e.g. Matter of Corbin v Hillery, 74 NY2d 279, 290 [1989]; People *71 v Barnes, 50 NY2d 375, 379 n 3 [1980]; People v Williams, 107 AD3d 1391 [2013]; People v Aveni, 100 AD3d 228, 243 [2012]). However, we find that the bill of particulars in the case at bar did not limit the People’s theory of the case as set forth in the original information, which alleged both impairment of a physical condition and substantial pain. The bill of particulars responded to defendant’s demand for a description of defendant’s “conduct” by setting forth “[t]he substance of the defendant’s conduct.” The People did not thereby indicate that they were going to establish the element of physical injury solely by proof of an impairment of a physical condition, to the exclusion of establishing physical injury by proof that the complainant had suffered substantial pain when defendant had punched the complainant in the face, causing fractures to the complainant’s orbital bone (see e.g. People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Rosario, 121 AD3d 424 [2014]; People v English, 118 AD3d 558 [2014]; People v Mazyck, 118 AD3d 728 [2014]; People v Jaen, 116 AD3d 975 [2014]), and/or when defendant had pushed the complainant to the ground. In view of the foregoing, we find that the Criminal Court’s instruction to the jury on the assault in the third degree charge, in which physical injury was defined as either the impairment of physical condition or substantial pain, was proper.
Defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review since he failed to raise at trial the specific arguments he makes on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, defendant’s contention lacks merit. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to establish defendant’s guilt, beyond a reasonable doubt, of assault in the third degree in that the evidence— consisting of testimony, medical records, and a video—showed that defendant, while on the street, had pushed the complainant to the ground, and while in a store, had punched the complainant in the face, which had caused fractures to the complainant’s orbital bone, and that these actions had caused substantial pain to the complainant. Furthermore, upon the exercise of this court’s factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury’s opportunity to view the witnesses, hear their testimony, observe their demeanor, and *72 assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Accordingly, the judgment convicting defendant of assault in the third degree is affirmed. The decision and order of this court entered herein on April 18, 2014 (43 Misc 3d 137[A], 2014 NY Slip Op 50707 [U]) are hereby recalled and vacated {see motion decided simultaneously herewith).
Weston, J.P., Aliotta and Solomon, JJ., concur.