People v Steinmetz (2019 NY Slip Op 08038)





People v Steinmetz


2019 NY Slip Op 08038


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


957 KA 17-00050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD D. STEINMETZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 24, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (five counts), criminal possession of marihuana in the second degree, and criminal possession of a weapon in the fourth degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), two counts of criminal possession of a weapon in the third degree related to his possession of two assault weapons (§ 265.02 [7]), and one count of criminal possession of marihuana in the second degree
(§ 221.25). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of the two counts of criminal possession of a weapon in the third degree related to his possession of assault weapons. Although no witness testified that the two semi-automatic rifles at issue had the ability to accept a detachable magazine and also had at least one of the characteristics listed in Penal Law § 265.00 (22) (a), the rifles and photographs of the rifles were admitted in evidence, thereby establishing that the rifles met the statutory definition of an assault weapon (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention regarding the sufficiency of the evidence supporting those two counts, the People were not required to establish that defendant knew the rifles met the statutory criteria of an assault weapon but, rather, only that he knowingly possessed the rifles (see generally People v Parrilla, 27 NY3d 400, 404-405 [2016]).
Defendant contends that the search warrant that provided the basis for the search of his residence was not issued upon probable cause. We reject that contention. Having reviewed the transcript from the Darden hearing, we conclude that "the confidential informant's basis of knowledge was sufficiently established at the in camera Darden hearing" (People v Mitchum, 130 AD3d 1466, 1468 [4th Dept 2015]) inasmuch as "the information from the informant, in its totality, provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of' [drugs]" (People v Knight, 94 AD3d 1527, 1529 [4th Dept 2012], lv denied 19 NY3d 998 [2012], quoting People v Lowe, 50 AD3d 516, 516 [1st Dept 2008], affd 12 NY3d 768 [2009]). We further conclude that the testimony at the Darden hearing established that "the hearsay information supplied in the search warrant application satisfied the two prongs of the Aguilar-Spinelli test and that the search warrant was issued upon probable cause" (Mitchum, 130 AD3d at 1468).
Defendant contends that he was denied a fair trial when Supreme Court permitted the People to introduce evidence of prior bad acts, as well as evidence that defendant invoked his [*2]right to counsel and evidence that law enforcement officers were looking for both guns and drugs even though the search warrant made no reference to weapons. Inasmuch as defendant made no objection to the testimony regarding the invocation of the right to counsel or the expanded scope of the officers' search, his contentions related thereto are not preserved for our review (see People v Vrooman, 115 AD3d 1189, 1190 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; see generally People v Howard, 167 AD3d 1499, 1501 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). In any event, we conclude that, even if we were to exercise our power to address the unpreserved contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), reversal would not be required.
Contrary to defendant's contention, the alleged evidence of prior bad acts, which consisted of, inter alia, evidence that an inoperable gun, a scale and a large quantity of cash were also found in the house during the search, was admissible inasmuch as such evidence completed the narrative of events and explained the actions of the officers as they searched the residence (see People v Brown, 277 AD2d 974, 974 [4th Dept 2000], lv denied 96 NY2d 756 [2001]; see also People v Casado, 99 AD3d 1208, 1211 [4th Dept 2012], lv denied 20 NY3d 985 [2012]). Although the People contend that such evidence did not constitute Molineux evidence inasmuch as possession of those items is not illegal or unlawful (see People v Thomas, 26 AD3d 188, 188 [1st Dept 2006], lv denied 7 NY3d 795 [2006]; People v Hucks, 292 AD2d 833, 833 [4th Dept 2002], lv denied 98 NY2d 697 [2002]; Brown, 277 AD2d at 974), that contention was not raised at trial and, therefore, is not preserved for our review (see generally People v Jones, 85 NY2d 998, 999 [1995]).
Even assuming, arguendo, that the admission of some of the challenged evidence was improper (see People v Daniels, 115 AD3d 1364, 1365 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]), any error is harmless. The evidence of defendant's guilt is overwhelming (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]) and "there is no significant probability that the jury would have acquitted defendant if the allegedly improper Molineux evidence had been excluded" (Casado, 99 AD3d at 1212). Moreover, there is no reasonable possibility that the error regarding defendant's invocation of the right to counsel might have contributed to his conviction (see Vrooman, 115 AD3d at 1190; Daniels, 115 AD3d at 1365).
With respect to the sentence, we conclude that defendant's contention that he was penalized for asserting his right to trial is not preserved for our review (see People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]) and, in any event, lacks merit (see People v Garner, 136 AD3d 1374, 1374-1375 [4th Dept 2016], lv denied 27 NY3d 997 [2016]). The sentence imposed is not unduly harsh or severe.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court